UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Plaintiff,

     v.                               Case No. 14-C-1269

UNITED STATES OF AMERICA,

        Defendant.

_____

**FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

_____

      This matter having come on for a trial before the court on June 25, 2015, and the court

having entered its decision on the record, the following constitutes the court's findings of fact and

conclusions of law.

**Findings of Fact**

    1.     On the morning of April 8, 2013, Wendy Van Dyke picked up some documents at

the offices of Delve located at 4330 W. Spencer Street, Appleton, Wisconsin.

    2.     On that day, Ms. Van Dyke was driving a Toyota Highlander. When leaving Delve,

she did not drive her Highlander out the exit from Delve's parking lot onto Spencer Street.

    3.     Instead, Ms. Van Dyke drove across the neighboring parking lot of the former

Community Bank & Trust (n/k/a Baylake Bank) located at 321 S. Nicolet Street, Appleton,

Wisconsin to access Nicolet Street, which provided a more direct route for her to return to work.

    4.     Prior to the accident, United States Postal Service employee Naime Schmit was

driving her Grumman long-life postal vehicle in the course of her employment. She had just

completed delivery of mail to businesses located to the north of the Community Bank & Trust and entered the bank's parking lot from a service entrance connecting the parking lot of the businesses located to the north. As she entered the bank parking lot, Ms. Schmit failed to look to her right before entering into the path of Ms. Van Dyke's vehicle.

5. Ms. Van Dyke, who's view to the left was obstructed by bushes failed to look to the left or slow down as she approached the entry to the parking lot she was intending to exit. Her Highlander collided with Ms. Schmit's postal vehicle at the "intersection" of the Community Bank & Trust's parking lot and the service entrance from the neighboring lot.

6. Both parties failed to maintain a proper lookout and control of their vehicles.

7. The location of the damage to the two vehicles confirms that Ms. Schmit entered the intersection prior to Ms. Van Dyke. The front of Ms. Van Dyke's Highlander collided with the side of Ms. Schmit's postal vehicle. Indeed, the collision caused damage to the right side and front right tire of the postal vehicle, whereas the damage to Ms. Van Dyke's vehicle was to the front bumper and headlights.

8. Plaintiff filed an administrative claim on behalf of its insured, Ms. Van Dyke, for property damage to her car in the amount of $5,166.99. Of that amount, $500 constitutes a deductible paid by Ms. Van Dyke, who, in turn, assigned her right, if any, to recover that amount to Plaintiff.

9. The United States suffered damages in the amount of $1,703.76 as a result of the collision.

10. Based on these facts, the court concludes that each of the drivers is equally at fault and apportions their contributory negligence at 50%.

2

## Conclusions of Law

1.     American Family brought this action as the subrogee of Ms. Van Dyke pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). The United States, in turn, filed a counterclaim against American Family for the damages it suffered as a result of the collision. *See* 28 U.S.C. § 1346(c); Wis. Stat. §§ 632.24 & 803.04(2).

2.     The FTCA provides that American Family cannot recover damages, if any, in excess of its administrative claim of $5,166.99. 28 U.S.C. § 2675(b). In addition, federal law precludes American Family from recovering via assignment from Ms. Van Dyke the $500 insurance deductible she paid. 31 U.S.C. § 3727. Accordingly, the maximum amount American Family could recover in this action is $4,666.99.

3.     Under the FTCA, the United States is liable in the same manner and to the same extent as a private party under like circumstances for the negligent or wrongful act or omission of any government employee acting in the scope of his or her employment, except that the United States cannot be liable for prejudgment interest or punitive damages. 28 U.S.C. §§ 2674-75.

4.     With respect to the government's liability, if any, on American Family's claim, Wisconsin state law governs because the collision at issue occurred in Appleton, Wisconsin. *See* 28 U.S.C. § 1346(b). Similarly, Wisconsin law governs American Family's liability, if any, on the government's counterclaim. *See* 28 U.S.C. § 1346(c); *see also Schmidt v. United States*, 369 F. Supp. 64, 66 (E.D. Wis. 1974).

5.     Under Wisconsin law, "a plaintiff must show: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Zick v. United States*, 970 F. Supp. 2d 886,

3

889 (W.D. Wis. 2013) (citing *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531 (Wis. 1976)).

6.      When, as here, an automobile accident occurs in a private parking lot, the "ordinary rules of negligence involving parking or management and control of automobiles apply." *Olsen v. Milwaukee Waste Paper Co.*, 36 Wis. 2d 1, 5 (Wis. 1967).  In other words, the conduct of the respective drivers "must be tested by whether under the same [or] similar circumstances the great mass of mankind would have [controlled] his automobile as he did." *Id.*

7.      Both parties breached their duty to exercise reasonable care in the operation of her vehicles by failing to maintain proper lookout and keep their vehicles under proper management and control.

8.      Under Wisconsin's comparative negligence statute, each party is entitled to recover 50% of their damages from the other party.  Plaintiff is therefore entitled to recover 50% of $4,666.99, or $2,333.50, and defendant may recover 50% of $1,703.76 or $851.88.  Plaintiff's net recovery is $1,481.62.

9.      The Clerk is directed to enter judgment in favor of the Plaintiff in the amount of $1,481.62.  Each side shall bear their own costs.

So Ordered at Green Bay, Wisconsin this 30th Day of June, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

4